UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 10-13-DCR |
| | ) | Civil Action No. 3: 13-7296-DCR-REW |
| V. | ) | |
| | ) | |
| RONALD CRAIG HORNBACK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 11, 2011, Defendant Ronald Hornback entered a guilty plea to a one-count Indictment, charging him a violation of 18 U.S.C. § 2252(a)(2). [*See* Record Nos. 69, 87] Hornback was sentenced on July 26, 2011, to a term of incarceration of 121 months, followed by a life term of supervised release. [Record No. 79] Hornback has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 103] In relevant part, he claims that he received ineffective assistance of counsel in the course of the criminal action.

The United States contends that Hornback has waived his attorney-client privilege with respect to the specific matters raised in his habeas motion. [Record No. 106] The government contends that, to effectively address these matters, it should be allowed to contact Hornback's former counsel. It concedes, however, that the information it may solicit should be limited to the issues raised in the defendant's § 2255 motion alleging ineffective assistance of counsel. In support, the United States cites a number of cases in which courts have held that a habeas

petitioner claiming ineffective assistance of counsel impliedly waives his or her attorney-client privilege with respect to communications with the attorney that are necessary to disprove the claim. *See United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1548 (2010); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)*; Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); and *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967).

As the United States Court of Appeals for the Sixth Circuit recognized in *Lott*, *supra* at 453, the attorney-client privilege may be waived, either expressly or implication, in several ways. And waiver may occur in a habeas case where the defendant places at issue the subject matter of a privileged communication which forces the government to address the privileged matter to defeat a claim of ineffectiveness. Here, waiver has occurred as a result of Hornback's assertion that his former attorney provided ineffective assistance in connection with his criminal action. Thus, it will be necessary for the United States to obtain information from Hornback's former attorney to effectively address the defendant's claims of ineffective assistance. Accordingly, it is hereby

**ORDERED** that the United States' Motion for Order Finding Waiver of Attorney-Client Privilege [Record No. 106] is **GRANTED**. The Court finds that, by alleging ineffective assistance of counsel, Defendant Ronald Craig Hornback has waived his attorney-client privilege with respect to issues raised in his § 2255 motion. The United States may contact Hornback's

former attorney strictly for the purpose of obtaining only that information which is necessary to respond to Hornback's ineffective assistance of counsel claims.

This 20th day of September, 2013.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge